W. L. RENNOLDS, Respondent, v. THE GERMAN
AMERICAN INSURANCE COMPANY OF
NEW YORK.

**St. Louis Court of Appeals, April 23, 1895.**

**Insurance, Fire**: SUFFICIENCY OF EVIDENCE TO ESTABLISH COLLUSION IN
ADJUSTMENT OF LOSS. A building covered by fire insurance was
totally destroyed by fire. The insured, being confined by illness to
his home, authorized the local agent of the insurer to act for him in
the adjustment and collection of the loss. *Held,* that the evidence
warranted the finding that the subsequent adjustment was the result
of a fraudulent collusion between this agent and the adjuster of the
insurer.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

*S. W. Bickley* and *John M. Barker* for respondent.

BIGGS, J.—The undisputed facts of this case are
these: The plaintiff is a resident of the city of
Mexico, Missouri. In June, 1893, he insured in the
defendant company a business house, situated in the
town of Higbee, against loss or damage by fire. The
term of the insurance was one year, and the amount
$1,200. On the twenty-third day of November, 1893,
the property was totally destroyed by fire. Notice and
proofs of loss were given and all conditions of the
policy complied with. At the time, the plaintiff was
sick, and he executed a power of attorney to the
defendant's local agent at Moberly to collect for him
the amount of the insurance. This power of attorney

was not satisfactory to the defendant's adjusting agent. Another was prepared and sent to the plaintiff for execution. Omitting signatures and the acknowledgment, it reads: "Know all men by these presents that I, W. L. Rennolds, of the city of Mexico, county of Audrain, in the state of Missouri, have made, constituted and appointed, and by these presents do make, constitute and appoint, Frank A. Scott true and lawful attorney for me and in my name, place and stead, to make a settlement with the German American Insurance Company of New York for a loss by fire to the property insured under policy No. 1338, issued by the Moberly, Missouri, agency of said company—one thousand dollars on one story, composition roof, brick building, and two hundred dollars on one story shingle roof frame addition thereto adjoining, both situate on lot 9, block 2, Owen's division of Higbee, Missouri; for me and in my name to sign and execute proofs of loss, appraisal agreements, receipts, and to receive any monies due me from said insurance company, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as I might or could do if personally present at the doing thereof, with full power of substitution or revocation; hereby ratifying and confirming all that my said attorney or his substitute may or shall lawfully do or cause to be done by virtue hereof."

The plaintiff testified that, when the power of attorney was presented to him, he objected to its phraseology and insisted that it be modified, but that, at the suggestion of the notary who came to take his acknowledgment, he attached a separate writing, in which it was expressly stated that a settlement for less than the value of the policy was unauthorized.

By the terms of the policy the defendant, in case of loss, was not to be liable for an amount greater than three fourths of the actual cash value of the property at the time of the loss, and, in case of disagreement, such value was to be ascertained by appraisers and the loss to be paid sixty days after notice of such ascertainment. When the power of attorney was received by Scott, he and the defendant's adjuster selected two appraisers, who fixed the value of the property at $804. Thereupon the adjuster delivered to Scott a draft for $545 in settlement of the loss, and Scott surrendered the policy. Scott collected and embezzled the money, and fled the country. The draft was cashed by him on December 20, and the plaintiff was not notified of the settlement until January 9, following. He immediately notified the defendant that the settlement was unauthorized, and that he would not abide by it.

The adjuster testified that he had no notice of any limitation on the power of Scott other than appeared by the power of attorney, and that at the time he saw and read the power of attorney there was no separate paper attached to it.

The defendant refused to pay anything more on account of the loss, and the plaintiff instituted the present action. The petition contains two counts. The first declares on the policy and asks judgment for the full amount. The second sets forth at length the facts and circumstances attending the execution of the second power of attorney, and it directly charges that the instrument was produced by Scott and the defendant's adjuster for the purpose of cheating the plaintiff, and that the pretended settlement was fraudulent. Judgment was asked for the full amount of the policy.

The answer pleaded the settlement with Scott in bar of the action. The cause was tried by the court. The judgment was for the face of the policy with

accrued interest, less the amount paid to Scott. The defendant appeals, and claims that, under the evidence, the judgment should have been for it.

The circuit court was evidently of the opinion that the plaintiff ought not to be bound by the compromise made by Scott. Just upon what ground or grounds this conclusion was reached, it is impossible to determine, for the reason that there were no instructions. We think, however, that the judgment may be sustained on two grounds. In the first place, the facts and circumstances in evidence are sufficient to warrant the conclusion that the second power of attorney was contrived by Scott and the defendant's adjusting agent for the purpose of cheating the plaintiff, and that the adjuster knew of the limitation which the plaintiff attempted to place on Scott's authority in adjusting the loss. Now, let us examine the facts somewhat more in detail. There was no dispute about the loss, and that it was a total loss. Therefore, if the defendant was liable at all, it was liable for the full amount of the policy, less the depreciation, if any, in the value of the house since the insurance was taken. R. S. sec. 5897; *Havens v. Germania Fire Insurance Company*, 27 S. W. Rep. 718 (supreme court of Missouri). The notice and proofs of loss were conceded to have been given, and were in due form, and there was no pretense that the fire was not accidental, or that there had been any violation of the conditions of the policy, either before or after the fire. As the plaintiff lived some distance from Higbee, and was confined to his home by sickness, he gave to Scott a power of attorney to collect the amount due him under the policy. When the defendant's adjuster arrived at Moberly, Scott presented to him his power of attorney, but the adjuster was not satisfied with it. According to his testimony, he did not think "it was broad enough." Under his

direction and dictation, Scott prepared the power of attorney herein set forth, and sent it to Mexico by one Maloney, who was also an insurance agent. Maloney took a notary with him to plaintiff's house, and procured the execution of the instrument 'in the manner above stated. After reading the document, the plaintiff thought that it did not sufficiently limit the power of Scott, and he proposed to insert the limitation. The notary suggested that it would be better, if the limitation was written on a separate paper and attached to the power of attorney. This was done, and the instrument was executed and placed in an envelope, which was sealed and addressed to Scott at Moberly. The adjuster and Scott were waiting at Moberly for its return. These facts warrant the conclusion that the second power of attorney was not procured with a view of making a fair settlement of the loss, at least not such as the statute provided for. The power of attorney speaks of the execution of "appraisal agreements," whereas the statute says that, in cases of total destruction of buildings insured, the full amount of the policy must be paid, regardless of the value of the building or the terms of the policy. Under the conceded facts the liability of the defendant was fixed at $1,200, less the depreciation (if any) in the building since the insurance was obtained. Why send for another power of attorney under such circumstances? The first one authorized Scott to receive and receipt for the amount of the policy, and as no claim was made for depreciation, there was nothing to do but to pay the money, which Scott was fully authorized to receive.

But, if we are wrong in this, the gross inadequacy of the consideration in bringing about the settlement is sufficient to justify the inference of a fraudulent combination between Scott and the adjuster. There was

an unquestioned liability of $1,200, which was attempted to be settled for $545.

For the foregoing reasons we are of the. opinion that the judgment of the circuit court ought to be affirmed. Judge BOND concurs; Judge ROMBAUER concurs in the result.